Slip Op. 13-133

## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES, | |
| Plaintiff, | |
| v. | Before: Jane A. Restani, Judge |
| LAFIDALE, INC., | Court No. 12-00397 |
| Defendant. | |

## OPINION AND ORDER

[Plaintiff's motion for default judgment against defendant Lafidale, Inc. in Customs penalty action denied with leave to refile.]

Dated: October 30, 2013

Carrie Dunsmore, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for plaintiff.  With her on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Restani, Judge: Before the court is plaintiff United States' motion for default

judgment seeking $324,687.00 in civil penalties plus post-judgment interest against defendant

Lafidale, Inc. ("Lafidale") for alleged grossly negligent violations of section 592(a) of the Tariff

Act of 1930, 19 U.S.C. § 1592(a) (2006).  The complaint's well-pled facts establish defendant's

liability for a civil penalty.  As explained below, however, the penalty calculation offered by

plaintiff appears to be internally inconsistent and to impose a penalty in excess of the statutory

maximum.  Plaintiff's motion for default judgment is therefore denied with leave for plaintiff to

refile its motion for default judgment with a proper affidavit fully explaining plaintiff's penalty

calculation.

## BACKGROUND

Between June 20, 2006, and April 22, 2009, Lafidale entered or attempted to enter

handbags and wallets into the United States on 46 separate occasions.  Compl. ¶ 4, ECF No. 2.

The handbags were classified under Harmonized Tariff Schedule of the United States

("HTSUS") 4202.29.10 and the wallets were classified under HTSUS 4202.39.50; these

classifications apply to plastic handbags and wallets that are "wholly or mainly covered with

paper."  Id. ¶ 6.  None of the imported entries qualified as "wholly or mainly covered with

paper."  Id.  Rather, the items should have been classified under different HTSUS subheadings,

primarily HTSUS 4202.22.15, covering, inter alia, handbags and wallets "[w]ith outer surface of

sheeting of plastic," which would have imposed higher ad valorum duty rates than the

subheadings used by Lafidale.  Id.

U.S. Customs and Border Protection ("CBP") determined the domestic value of

the 46 entries was $753,929.00 and that the misclassification caused an actual and potential loss

of revenue of $81,171.63.  Id. ¶ 9.  CBP issued a notice of penalty to Lafidale for $324,687.00,

an amount corresponding to four times the lost revenue, on September 30, 2010.  Id. ¶ 10.

Lafidale has yet to pay any part of the penalty.  Id. ¶ 12.  Plaintiff filed a complaint against

Lafidale on December 3, 2012, seeking a civil penalty for gross negligence in the amount of

$324,687.00.  Id. at 4.  Default was entered against Lafidale on June 13, 2013, for failing to plead

or otherwise defend within 20 days of being served with the summons and complaint.  Entry of

Default, ECF No. 10.  Plaintiff filed this motion for default judgment on July 11, 2013.  Pl.'s

Mot. for Default J., ECF No. 11.  Lafidale did not respond.

## JURISDICTION

The court has jurisdiction pursuant to 28 U.S.C. § 1582(1), providing for

jurisdiction over cases initiated by the United States to recover civil penalties under, inter alia,

section 592 of the Tariff Act of 1930.

## DISCUSSION

Plaintiff has moved for a default judgment.  Under USCIT Rule 55(b), default

judgment is warranted when (1) the defendant has been defaulted, and (2) the claim is for a sum

certain, supported by an affidavit showing the amount due.  Default was entered against Lafidale

on June 13, 2013.  Entry of Default.  Plaintiff seeks civil penalties in the amount of $324,687.00,

see Compl. at 4, and its motion for default judgment was supported by an affidavit purporting to

explain this figure.  See Thierry Decl., ECF No. 11-1.  Plaintiff therefore has met the

requirements for default judgment under USCIT Rule 55(b).  The court, however, must ensure

that the pled facts amount to a legitimate cause of action before granting the relief requested.

United States v. Scotia Pharms. Ltd., Slip Op. 09-49, 2009 WL 1410437, at *3 (CIT May 20,

2009).  The court accepts as true all well-pled facts in the complaint other than those pertaining

to the amount of damages.  Id.

## I.      Plaintiff's Complaint Sufficiently Establishes a Legitimate Cause of Action

Plaintiff seeks civil penalties for grossly negligent violations of section 592 of the

Tariff Act of 1930.  Section 592(a) provides in part that "no person, by fraud, gross negligence,

or negligence–(A) may enter, introduce, or attempt to enter or introduce any merchandise into the

commerce of the United States by means of (i) any document or electronically transmitted data or

information, written or oral statement, or act which is material and false, or (ii) any omission

which is material." 19 U.S.C. § 1592(a)(1)(A). The well-pled facts in plaintiff's complaint must

demonstrate that Lafidale entered or attempted to enter merchandise into the commerce of the

United States by means of false information that was material and that Lafidale's representations

in its documents were grossly negligent.

        A material statement is one that has a natural tendency to influence or can

influence the decisions made by CBP. See United States v. Rockwell Int'l Corp., 10 CIT 38, 42,

628 F. Supp. 206, 210 (1986); see also 19 C.F.R. pt. 171, App. B(B) (2013) ("A document,

statement, act, or omission is material if it has the natural tendency to influence or is capable of

influencing . . . a Customs action regarding: (1) Determination of the classification,

appraisement, or admissibility of merchandise [or] (2) determination of an importer's liability for

duty . . . ."). Plaintiff alleges that because of the incorrect classifications represented by Lafidale,

CBP collected duties at an ad valorem rate that was lower than the rate that should have applied.

Compl. ¶¶ 6–7. The complaint thus demonstrates that the false classifications influenced CBP's

classification of merchandise and its determination of an importer's liability for duty, and the

statements therefore were material.

        Gross negligence, for purposes of section 592, is behavior that is willful, wanton,

or reckless, or demonstrates an "utter lack of care." United States v. Ford Motor Co., 29 CIT

827, 845, 395 F. Supp. 2d 1190, 1206 (2005), aff'd in part, rev'd in part on other grounds, 463

F.3d 1267 (Fed. Cir. 2006). Here, plaintiff has met its burden, pleading sufficient facts that

illustrate an "utter lack of care" by Lafidale. Lafidale classified its merchandise in 46 separate

entries as "wholly or mainly covered with paper," and every entry lacked this obvious

characteristic.  Compl. ¶ 6.  Rather, the handbags and wallets were covered in plastic.  Id.

Plaintiff's complaint is sufficient to establish liability for a grossly negligent

violation of section 592.

## II.      Plaintiff Has Not Shown That It Is Entitled to the Civil Penalties Requested

Under the penalty scheme of section 592, when gross negligence affects the

assessment of duties, importers are subject to penalties in an amount up to "the lesser of–(i) the

domestic value of the merchandise, or (ii) four times the lawful duties, taxes, and fees of which

the United States is or may be deprived."  19 U.S.C. § 1592(c)(2)(A).

The court has doubts that plaintiff is entitled to the sum it seeks in civil penalties.

Plaintiff's motion for default judgment is supported by the declaration of Robert P. Thierry and

an accompanying chart to explain the basis for the penalties calculation.  Thierry Decl.  The

declaration and accompanying chart fail to provide a consistent and coherent explanation for how

the civil penalties sought were calculated.

The first issue pertains to CBP's valuation of the merchandise.  Plaintiff's

complaint and motion for default judgment state that the "domestic value" of the 46 entries was

$753,929.00.  Compl. ¶ 9; Pl.'s Mot. for Default J. at 5.  Thierry's declaration, however, states

that the "dutiable value" of the merchandise was $753,929.00.  Thierry Decl. ¶ 3.  "Domestic

value" and "dutiable value" are not the same.  Compare 19 U.S.C. § 1592(c)(2)(A)(i) (referring

to "the domestic value of the merchandise") with 19 U.S.C. § 1592(c)(2)(B) (referring to "the

dutiable value of the merchandise"); see also United States v. Pan Pac. Textile Grp, Inc., 30 CIT

138, 140 & n.2 (2006) ("Dutiable value and domestic value are not equivalent measures of

entered merchandise.").  The loss in revenue calculation underlying the penalty calculation

should have been based on the "dutiable value" of the merchandise, but the court cannot be sure

that CBP used the proper value because of the conflicting terminology in the plaintiff's filings.[1]

           The second issue is whether CBP used the correct tariff rates to calculate the loss

in revenue.  Thierry declares that:

> Lafidale classified its handbags and wallets under Harmonized Tariff Schedule
> (HTS) No. 4202.29.1000, which applies to plastic handbags that are "wholly or
> mainly covered with paper," and/or HTS No. 4202.39.500, which applies to plastic
> wallets that are "wholly or mainly covered with paper" at ad valorem duty rates of
> 5.3% and 7.8% respectively.

Id. ¶ 5.  The chart containing the actual calculation for the loss of revenue, however, only lists

entries coming in under 4202.29.10.  Id. at 4.  Additionally, it appears that the loss in revenue for

almost every entry roughly corresponds[2] to the difference between the duty applicable for

4202.29.10 (5.3%) and the rate that should have been applied had the items been properly

classified under 4202.22.15 (16%).[3]  This raises two problems.  First, the declaration's

---

[1] The court also notes that 19 U.S.C. § 1592(c)(2)(A) caps the maximum civil penalty at the lesser of the domestic value of the merchandise or four times the loss in revenue.  CBP's correct usage of the different valuations is essential to ensuring compliance with this statutory requirement as well.

[2] The court notes that the chart does not contain sufficient information to understand clearly how CBP arrived at its loss of revenue for each entry.  For example, there is no breakdown as to the value of the different commodities within each entry, nor are the HTSUS subheadings for each entry fully and/or correctly listed.

[3] Thierry states that this is the proper classification and rate for most entries.  Thierry Decl. ¶ 6.  He notes that several entries contained merchandise that should have been classified under other subheadings with different corresponding tariff rates.  Id.  The chart fails to show adequately how the loss of revenue resulting from the entry of this other merchandise was calculated.

description of the calculation methodology for the penalties and the methodology reflected in the

chart are inconsistent.  Second, if the loss of revenue calculation is based only on rates for

HTSUS 4202.29.10 (5.3%) and 4202.22.15 (16%), a difference of 10.7%, this would overstate

plaintiff's loss for the wallets entered under 4202.39.50, which is a difference of only 8.2% (16%

- 7.8%).  Plaintiff may only recover a multiple of the duties of which it was or may be deprived.

19 U.S.C. § 1592(c)(2).  Because the loss of revenue calculation in the chart appears to inflate the

duties of which plaintiff was or may be deprived, at least for any entries of the wallets, the use of

this calculation would result in a penalty above the statutory maximum.

               Because the court is unable to determine the actual and potential loss of revenue

suffered by plaintiff, it cannot determine whether the sum requested by plaintiff would result in a

penalty in excess of the statutory maximum.  For this reason, plaintiff's motion for default

judgment is denied.  Plaintiff will be given leave to refile its motion so that it may provide an

explanation for its penalty calculation that the court can assess properly.

## CONCLUSION AND ORDER

Plaintiff's complaint sufficiently establishes that Lafidale was grossly negligent in violating section 592 of the Tariff Act of 1930, 19 U.S.C. § 1592.  Plaintiff, however, has failed to show that it is entitled to the civil penalty requested in its motion for default judgment.  It is therefore hereby

**ORDERED** that plaintiff's motion for default judgment be and is DENIED; it is further

**ORDERED** that plaintiff shall have sixty days from the date of this Opinion and Order in which to refile its motion for default judgment with adequate support for its penalty calculation.

 /s/ Jane A. Restani 
Jane A. Restani
Judge

Dated: October 30, 2013
          New York, New York