Slip Op. 14- 3

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>               Plaintiff,<br><br>     v.<br><br>LAFIDALE, INC.,<br><br>              Defendant. | Before: Jane A. Restani, Judge<br><br>Court No. 12-00397 |

### OPINION

[Plaintiff's renewed motion for default judgment in customs penalty action granted.]

Dated: January 10, 2014

Douglas G. Edelschick, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for plaintiff. With him on the brief were Stuart F. Delery, Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.

Restani, Judge: Before the court is plaintiff United States' renewed motion for entry of default judgment seeking $324,687.00 in civil penalties plus post-judgment interest against defendant Lafidale, Inc. ("Lafidale") for alleged grossly negligent violations of section 592(a) of the Tariff Act of 1930, 19 U.S.C. § 1592(a) (2006). The court continues to have jurisdiction pursuant to 28 U.S.C. § 1582(1).

On October 30, 2013, the court ruled that plaintiff had established the liability of Lafidale for gross negligence in the misclassification of 46 entries of wallets and handbags between June 20, 2006, and April 22, 2009. United States v. Lafidale, Inc., 942 F. Supp. 2d 1362, 1364–65 (CIT 2013). Certain discrepancies between the allegations in the complaint and

the allegations in the affidavit supporting the amount of lost duties and penalties claimed caused the court to deny the motion for default judgment without prejudice to renewal. Id. at 1366–67.

        The December 20, 2013, affidavit of Robert P. Thierry, Director of the Office of Fines, Penalties and Forfeitures of U.S. Customs and Border Protection, satisfactorily establishes an actual and potential duty loss of at least $81,171.63.[1] See Thierry 2d Decl. & Attachs., ECF Nos. 15-1, 15-2, 15-3. Where there is duty loss because of gross negligence, penalties may be assessed at "the lesser of—(i) the domestic value of the merchandise, or (ii) four times the lawful duties, taxes, and fees of which the United States is or may be deprived." 19 U.S.C. § 1592(c)(2)(A). Mr. Thierry's affidavit asserts that the domestic value of the 46 entries of misclassified merchandise was $1,264,224.97. Thierry 2d Decl. ¶ 5. Thus, plaintiff continues to claim penalties of $324,687 (four times the duty loss), as set forth in its previous filings. Pl.'s Renewed Mot. for Entry of Default J. 1, 4, ECF No. 15.

---

[1] Thierry actually calculates the duty loss to be $82,936.24. Thierry 2d Decl. ¶ 9. Because this is a slight increase over the amount originally claimed, plaintiff continues to use the amount alleged in its earlier filings ($81,171.63) as the basis for its penalty calculation. Pl.'s Renewed Mot. for Entry of Default J. 4, ECF No. 15. The unpaid duties ultimately were paid by sureties. Thierry 2d Decl. ¶ 11.

Court No. 12-00397                                                                                                    Page 3

       As Lafidale has failed to respond in any way in this action, including disputing that this amount is an appropriate penalty, the court sees no reason for further delay, and judgment for penalties in the amount of $324,687.00 plus post-judgment interest will enter accordingly.

                                                                           /s/ Jane A. Restani
                                                                             Jane A. Restani
                                                                                     Judge

Dated: January 10, 2014
       New York, New York